IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| JEFFREY DEMOND WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. H-04-2945 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |
| | § | |

## ORDER

This case is before the court on Petitioner Jeffrey Demond Williams' Petition for Writ of Habeas Corpus, and Respondent Doug Dretke's Motion for Summary Judgment. This Court has ordered an evidentiary hearing to determine whether Williams is mentally retarded.

On March 13, 2006, Williams filed a motion to place the burden of proof on the mental retardation issue on the respondent. Williams argues that, because mental retardation removes a defendant from the class of death-eligible defendants, *see Atkins v. Virginia*, 536 U.S. 304 (2002), the absence of mental retardation is analogous to an aggravating circumstance which the State must prove. *See Ring v. Arizona*, 536 U.S. 584 (2002); *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000).[1] He also argues that due process requires that the State bear the burden of proving the absence of mental retardation.

A habeas petitioner bears the burden of proving that his conviction or sentence is unconstitutional. "The burden of demonstrating that a constitutional violation occurred is, of course, on a habeas petitioner." *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000). While Williams argues that his mental retardation is different than other claims because of the petitioner's limited ability to assist his counsel, the Fifth Circuit has held in a similar context that the burden of proof remains with the petitioner. *Moody v. Johnson*, 139 F.3d 477, 480-81 (5th Cir.), *cert. denied*, 525 U.S. 940 (1998) ("Once the petitioner has presented enough probative evidence to raise a substantial doubt as to his competency at the time of trial, he must then prove that incompetency by a preponderance of the evidence"); *Wheat v. Thigpen*, 793 F.2d 621, 630 (5th Cir. 1986), *cert. denied*, 480 U.S. 930 (1987) ("The petitioner bears the burden of proving his incompetency by a preponderance of the evidence").

Accordingly, Petitioner's Motion To Allocate Burden Of Proof To The Warden (Docket Entry 86) is **DENIED**.

---

[1] Williams acknowledged that the Fifth Circuit has already rejected his *Apprendi/Ring* argument, but raises the claim here to preserve it for further appellate review.

Signed March 17th, 2006, at Houston, Texas.

_____
Nancy K. Johnson
United States Magistrate Judge