IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JEFFREY DEMOND WILLIAMS,              §
                                      §
            Petitioner,               §
                                      §
v.                                    §
                                      §       CIVIL ACTION NO. H-04-2945
NATHANIEL QUARTERMAN,                 §
Director, Texas Department of         §
Criminal Justice-Correctional         §
Institutions Division,                §
                                      §
            Respondent.               §

## ORDER

On February 14, 2007, this court entered a Final Judgment denying Petitioner, Jeffrey D. Williams', Petition for a Writ of Habeas Corpus and dismissing this action. On February 28, 2007, Williams filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion will be denied.

### I.  Background

Williams was convicted of capital murder and sentenced to death for murdering a police officer. The facts of this case are set out in detail in this court's Memorandum Opinion and Order entered on July 15, 2005, and the Magistrate Judge's Memorandum and Recommendation entered on January 8, 2007.

## II.  <u>Applicable Legal Standard</u>

A motion to alter or amend under Fed. R. Civ. P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." <u>Schiller v. Physicians Resource Grp., Inc.</u>, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).  "Relief under Rule 59(e) is also appropriate where there has been an intervening change in the controlling law."  <u>Id.</u>

### A.  **Newly Discovered Evidence**

Williams claims that there is newly discovered evidence demonstrating that he is actually innocent of the murder. "[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993).  This is because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact." <u>Id.</u>  Since Williams' claim of actual innocence, even if substantiated, would not entitle him to federal habeas corpus relief, it does not create grounds to alter or amend the judgment.

### B.  **Ineffective Assistance of Counsel**

In its July 15, 2005, Memorandum Opinion and Order, the court denied Williams' claim of ineffective assistance of counsel on the grounds that it was unexhausted and procedurally defaulted.

Williams now argues that his evidence of actual innocence provides a basis to excuse the procedural default. He also argues that the detailed evidence of his relatively low intelligence brought out in the evidentiary hearing demonstrates that trial counsel failed to develop and present mitigating evidence about his intelligence at trial.

A federal habeas court may review a procedurally defaulted claim if the failure to do so would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A "miscarriage of justice" means actual innocence, either of the crime for which he was convicted or of the death penalty. Sawyer v. Whitley, 505 U.S. 333, 335 (1992). "Actual innocence of the death penalty" means that, but for a constitutional error, he would not have been legally eligible for a sentence of death. Id.

> To show actual innocence,
>
> [T]he prisoner must 'show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial, the trier of the facts would have entertained a reasonable doubt of his guilt.

Kuhlmann v. Wilson, 477 U.S. 436, 455 n.17 (1986). More succinctly, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the evidence now presented. Schlup v. Delo, 513 U.S. 298, 327 (1995). Assuming that Williams can overcome the procedural default, he still fails to show that he

is entitled to relief on his ineffective assistance of counsel claim.

To prevail on a claim for ineffective assistance of counsel, petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of a capital sentencing hearing, "the question is whether there is a reasonable probability that, absent the errors, the sentencer . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." Strickland, 465 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. As the Fifth Circuit succinctly framed this concept: "Is this additional mitigating evidence so compelling that there is a reasonable probability at least one juror could reasonably have determined that . . . death was not an appropriate sentence?" Neal v. Puckett, 239 F.3d 683, 692 (5th Cir. 2001).

Evidence at the sentencing phase of Williams' trial showed that Williams stole a car at gunpoint nine days before the murder, and unsuccessfully attempted to force the female victim of that robbery into the car. Evidence also implicated Williams in several

-4-

other robberies, and at least one other shooting. Mitigating evidence included Williams' high school IQ test scores, including conclusions that his performance score was in the mentally retarded range and his other scores in the borderline range. The additional evidence presented at the evidentiary hearing in this habeas corpus proceeding was far more detailed, but added little substance to the evidence presented at trial. Because the substance of this evidence was already before the jury, there is no reasonable probability that this evidence would have led to a different result.

### III.  Conclusion and Order

Petitioner's Motion to Supplement His Rule 59(e) Motion (Docket Entry No. 170) is **GRANTED** and Williams' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Docket Entry 169) is **DENIED.**

**SIGNED** at Houston, Texas, on this the 4th day of April, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE