IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY D. WILLIAMS, § | |
| § | |
| Petitioner, § | |
| § | |
| -VS- § | CIVIL ACTION NO. H-04-2945 |
| § | Capital Post-Conviction Case |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**PETITIONER'S MOTION FOR RELIEF PURSUANT TO RULE 60(b)(3) & (6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Petitioner Jeffrey Williams prays this Court relieve him of the judgment dated February 14, 2007, and the Order dated April 4, 2007, pursuant to Fed. R. Civ. P. 60(b)(3) and (6) to the extent requested in this motion.

On January 8, 2007, the United States Magistrate Judge entered a Report and Recommendations recommending denial of Mr. Williams' mental retardation claim. On February 14, 2007, this Court entered an order adopting the Magistrate Judge's findings and dismissed Mr. Williams' petition. On February 28, 2007, Mr. Williams submitted a Motion to Alter Or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On March 30, the Director opposed Williams' 59(e) motion. On April 4, 2007, this Court denied Williams' 59(e) motion. On April 5, 2007, Williams filed a notice of appeal from the judgment

1

of February 14 and the Order of April 4.  Based on the history of the Directors behavior in this litigation and discoveries made after April 5, 2007, Williams now asks this Court to grant him relief pursuant to Fed. R. Civ. P. 60(b).

**In Light of Newly Discovered Evidence that the Director did not Serve Williams with Copies of Subpoenas Issue in this Case, Despite Both the Requirements of Rule 45(b)(1) and a Direct Order by This Court to Do So, Williams asks this Court to Order that the Director:**

1) Provide Williams with Copies of all Subpoenas Issued in this Case;
2) Provide Williams with Copies of All Material Produced in Response to Subpoenas; and
3) File with This Court a list of all Subpoenas Issued.[1]

4) **When the Director has Complied with these Orders Williams asks this Court to Allow Williams 14 days to Supplement this Motion with Briefing on Prejudice (Addressing the Extent that the Director Prevented Williams from Fully and Fairly Presenting his case).**

### *The Standard for Relief Under Rule 60(b)(3)&(6)*

"A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Hesling v. CSX Transp., Inc.,* 396 F.3d 632, 641 (5th Cir. 2005). Under Rule 60(b)(6), a "court may grant relief for any other reason justifying relief from the operation of the judgment." *Id.* at 642.

The Director's complete failure to serve Williams with copies of subpoenas in this case on multiple occasions, even after being warned by the Court to do so, is sufficient to establish the "misconduct" requirement of Rule 60(b)(3). *See, e.g., Summers v. Howard University*, 374 F.3d 1188, 1193 (D.C. Cir. 2004) ("failure to disclose or produced materials requested in discovery can constitute 'misconduct' within the purview of Rule 60(b)(3)."). Williams details that misconduct below.  Because Williams still does not know the extent of the Directors'

---

[1] While this requirement may seem duplicative with providing Williams with copies of subpoenas, it is likely, based on the Director's representations that the Director does not have copies of all subpoenas that they issued, that this is required in addition to copies of subpoenas.

misconduct, he asks this Court assistance to determine the extent of the misconduct, and then leave to file supplemental briefing as to prejudice.

### *The Requirement to Contemporaneously Serve Parties with Copies of Subpoenas Issued*

Rule 45(b)(1) requires a party issuing a subpoena provide prior notice to each party in the manner prescribed by Rule 5(b).  Fed. R. Civ. P. 45(b)(1) & 5(b); *see Butler v. Biocore Medical Technologies, Inc.,* 348 F.3d 1163, 1173 (10th Cir. 2003); *Lubermens Mutual Casualty v. United States,* 70 Fed. Cl. 94, 97 (2006); *Florida Media Inc., v. World Publications, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006). Notice to opposing counsel must be prior to service of the subpoena because the "purpose behind the notice requirement is to provide opposing counsel an opportunity to object to the subpoena." *Butler*, 348 F.3d at 1173. The purpose of the rule is also to "discourage parties from engaging in secretive behavior ." *Lubermens*, 70 Fed. Cl. at 99.

### *The Directors First Rule 45(b)(1) Violations*

On April 1, 2006, Emily Lundberg, a potential witness in this case called William's counsel to ask questions about a subpoena duces tecum ("SDT") she received for documents. This was a surprise to Williams' counsel, as they had not been served with a copy of the subpoena as required by Rule 45(b)(1).

On April 4, 2006, counsel for Williams called counsel for the Director in this case, to ask about the SDT. Counsel for the Director claimed that she did not know that she had to notice opposing counsel with copies of SDTs.  She apologized, but stated that she did not think the SDT should be quashed.  Later the same day, counsel for the Director called Williams' counsel and asked what rule required her to serve opposing counsel with SDTs.  Counsel for Williams reviewed the service requirements of Rule 45 with counsel to the Director. During that phone call, counsel for the Director stated she had not issued any other SDTs without serving opposing counsel.

On the same day, Williams filed an "Opposed Motion to Quash *Subpoena*(s) *Duces Tecum* Issued in Violation of Rule 45." Docket #119.  The motion recited the requirements to serve opposing counsel under Rule 45(b)(1).  The motion also noted that the SDT to Lundberg guaranteed that Williams would not discover it because it commanded the witness to convey the documents requested directly to the office of counsel for the Director and because proof of service was not filed with the clerk as required by Rule 45(b)(3).  Williams also noted in the motion that counsel for the Director represented that there were no other SDTs issued without notice, but Williams asked in the motion that the Court require the Director to reveal all other SDTs issued without notice to opposing counsel.

Later that day counsel for the Director called counsel to Williams again, and conceded that the SDT should be quashed.  The Director filed a response to William's motion asking to withdraw the SDT. Docket #120.  The Director stated in the motion, in direct contradiction to statements to Williams' attorney, that the reason the SDT was served without notice was because the Director was "unaware that opposing counsel had not been previously served."  The Director represented in the motion that "no other subpoenas . . . have been filed without notice to counsel for the Petitioner."

In an April 6, 2006, email from counsel for the Director to Williams' counsel, the Director informed Williams that another subpoena was sent to Ms. Lundberg and that Williams could have copies of whatever material was obtained.  On April 7, 2007, Williams wrote back and asked for a copy of the subpoena.  In response to this request, the Director sent Williams a copy of the subpoena. The Director again had not, however, simultaneously served opposing counsel with a copy of the subpoena as required by the rules.

### *The Director Violates Rule 45(b)(1) a Second Time, for Multiple Subpoenas*

On May 22, 2006, the district court held an evidentiary hearing regarding issues in the underlying case.  Ex. A (transcript). During that hearing a witness stated that she received a subpoena from the Director, Ex. A at 103, much to the surprise of Williams.  Ex. A. at 107-08.

4

Williams then asked the court to exclude the letter, both because of the discovery violation and because, once again, the Director had issued an SDT without serving opposing counsel. Ex. A at 111. Williams reminded the court of the previous Rule 45(b)(1) violation and that counsel for the Director had represented that "she had not read the relevant rule and did not realize that she had to provide a copy to opposing Counsel." Ex. A at 111. Williams reminded the Court the Director had represented that there had been no other SDTs. *Id*. Williams argued that the continued violation of Rule 45(b)(1) aggravates the discovery violation. *Id.*

The Director replied that "Rule 45 does not require me to give notice to the Petitioner, it requires me to give notice of a subpoena to the attorney for the party being subpoenaed, which would be me." Ex. A at 112. The Director conceded that the letters, including exhibit 10A, had not been turned over. *Id*. The Court corrected the Director and explained that Rule 45 requires service on parties. *Id*. The Director then argued that what was subpoenaed was her "own work product." *Id.* at 113. Williams responded that "I apologize if I harp on this, . . . but the fact that there was a specific discussion and pleading from the Attorney General representing that there had been no other subpoenas issued, I think, is a substantial issue. And I think it substantially aggravates the discovery violation which occurred here." Ex. A at 117. The court stated "I certainly don't condone the AG's conduct, although – and I don't understand the subpoena. I mean, that's amazing." Ex. A at 119.

On May 23, 2006, the next day, Williams asked the Court to ask the Attorney General's office to turn over a copy of all SDTs issued during the case, as required by the Rules. Ex. B at 159 (Transcript). The Director replied "If you'll tell me which subpoenas he wants . . ." *Id*. at 160. William reiterated that he wanted copies of all the subpoenas sent, as required by Rule 45. *Id*. The Court told the Director that Williams "was supposed to get a copy of the subpoenas." *Id.* The Director replied "understood." *Id.* The court continued "so send him what you have and try to get what you sent . . . I mean, he's entitled to it." *Id.*

Three months later, apparently in response to the court's order, the Director sent to Williams an email containing one SDT. This SDT had never been served on counsel. The

5

Director also candidly admitted that there were subpoenas sent for "West Oaks Hospital records, his school records, and his Navy records, but no one kept a copy of the subpoena and I have been unable to get copies from the recipients." Those subpoenas have never been given to counsel. None of the material, if any, produced in response to these SDTs has been given to Williams.

*The Director Violates Rule 45(b)(1) for at Least the Third Time, for Multiple Subpoenas*

On February 14, 2007, the district court dismissed William's habeas petition. Williams filed a motion to amend the judgment, and on March 30, 2007, the Director filed an Opposition. Docket #175. Attached to the pleading were documents and an SDT dated March 1, 2007. Docket #176. The SDT was not served on counsel for Williams. Williams was preparing a response to this pleading, including raising the issue of the 45(b)(1) violations, but on April 4, 2007, before he could file his pleading, this Court denied Williams' 59(e) motion.

On April 9, 2007, counsel for Williams contacted counsel for the Director and asked whether the Director has issued any other subpoenas in this case. The Director responded that there were no other subpoenas. Williams requested that, as was the remedy with the earlier subpoena to Lundberg, the Director withdraw the material that was a product of the March 1, 2007, subpoena, but the Director refused.

On the same day, several hours after stating that that there were no other subpoenas issued, the Director contacted Williams and candidly conceded that the Director had actually issued *another* subpoena, but had failed to serve opposing counsel. The Director provided that subpoena to Williams in an email, but represented that no material was obtained. Williams asked the Director for a copy or a list of every subpoena sent out by the Director in this litigation. The Director replied on April 10, 2007, that Williams would be provided copies "as soon as possible."

Williams has received nothing from the Director as of this date, and Williams has never been properly served with a single subpoena in this case as required by Rule 45(b)(1). On April

6

19, 2007, when conferencing this motion with the Director, counsel for the Director stated that they copied every subpoena in this case and would provide them shortly. The Director has at least twice previously represented that they do not have copies of some subpoenas that they sent out. It is unclear whether the subpoenas will be complete, Williams still wants copies of all material generated in response to the subpoenas and, considering the above history, this Court's supervision of the Director's compliance with Rule 45(b)(1) is necessary.

## Conclusion.

For these reasons, Williams asks for all appropriate relief pursuant to Rule 60(b)(3) and (6), including that this Court order the Director to:

1) Provide Williams with copies of all subpoenas issued in this case;

2) Provide Williams with copies of all material produced in response to subpoenas;

3) File with this Court a list of all subpoenas issued; and

4) When the Director has complied with these orders, allow Williams 14 days to supplement this motion with briefing on prejudice (addressing the extent that the Director prevented Williams from fully and fairly presenting his case).

Respectfully submitted,

Jeffrey Williams, by counsel

/s/Anthony Haughton*
*Attorney-in-charge
3013 Fountain View, Suite 145
Houston, Tx, 77057
(713) 995-7776
(713) 953-7482
ASHaughton@aol.com
SBOT No. 09234150

Jonathan P. Sheldon
10621 Jones St., #301A
Fairfax, VA 22030
(703) 691-8410
Fax: 703 251-0757
Jsheldon@DevineConnell.com

VA Bar No. 66726

Counsel for Jeffrey Williams

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 19th day of April, 2007, I spoke with counsel for the Director, Georgette P. Oden, who opposes this motion.

/s/Jonathan P. Sheldon

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2007, a copy of the foregoing pleading has been served on counsel for respondent by the filing of this pleading via this Court's ECF system.

/s/ Jonathan P. Sheldon