IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY DEMOND WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2945 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

The court has reviewed Petitioner's Motion for Relief from judgment (Docket Entry No. 186) and the response filed thereto. Petitioner argues that the court should vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and (6) because respondent failed to comply with Federal Rule of Civil Procedure 45(b)(1)'s requirement that opposing counsel be served with copies of subpoenas.

A party moving for relief under the fraud provision of Rule 60(b) must establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. In re Abby Lines, Inc., 180 Fed. App'x 524, 526 (5th Cir. 2006) (citing Gov't Fin. Serv. One Ltd. P'ship v. Peyton Pl., Inc., 62 F.3d 767, 772 (5th Cir. 1995)).

The Rule 45(b)(1) issue was raised during the evidentiary hearing with respect to subpoenas issued by respondent for respondent's own records of Williams' correspondence and commissary and library usage.[1] Petitioner objected on the grounds that the records had not been turned over before the discovery deadline and that respondent failed to comply with Rule 45(b)(1). The Magistrate Judge agreed that respondent had not complied with Rule 45(b)(1) but allowed the documents into evidence. Notably, the only objected-to document that was significant enough to warrant a mention in the Memorandum and Recommendation was Exhibit 16, the March 28, 2006, letter from petitioner to another inmate identifying by name certain prison employees who were on respondent's exhibit list.[2] Even then the Magistrate Judge focused on petitioner's conduct as related by the witness, not on the content of the letter.

Petitioner also seeks an extension of time to develop additional Rule 45(b)(1) violations by respondent. The court notes that if petitioner had been surprised by the introduction of any exhibit, he was required to timely object at the time of the exhibit's introduction into evidence. Any error by the Magistrate

---

[1] Specifically addressed at the hearing was a subpoena directed to respondent's mail room for Williams' recent outgoing mail, commissary requests and record of library use. Exhibits 7, 8, 10A, and 16.

[2] See Memorandum and Recommendation, Docket Entry No. 161, pp. 59-60.

Judge in allowing such exhibit into evidence may be reviewed by the appellate court and does not require vacation of the final judgment pursuant to Rule 60(b)(3) or (6) without a clear showing that the lack of notice interfered with petitioner's ability to present his case. Petitioner has failed to allege any prejudice arising from the Rule 45(b) violations.

After considering the pleadings and the record of the evidentiary hearing, the court concludes that these violations of Rule 45 are insufficient to justify relief under Rule 60(b)(3) or (6).

Petitioner's Motion for Relief from judgment (Docket Entry No. 186) and Unopposed Motion for Extension of Time (Docket Entry No. 188) are **DENIED**.

**SIGNED** at Houston, Texas, on this the 10th day of May, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE