IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY DEMOND WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. H-04-2945 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice-Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING INTERIM ATTORNEYS' FEES**

### I.  Case Background

Petitioner Jeffrey Demond Williams ("Williams"), a Texas inmate convicted of capital murder and sentenced to death, sought federal habeas relief under 28 U.S.C. § 2254 on the grounds that mental retardation exempted him from execution.  Petitioner requested, and received, appointment of counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(a)(2)(B).  The court heard evidence relating to Williams' mental retardation claim and, on February 14, 2007, entered final judgment in this action after concluding that Williams was not mentally retarded.

On February 28, 2007, Petitioner filed a motion to alter or amend the judgment raising unexhausted claims that he was factually innocent of the crime and that he received ineffective assistance

of counsel at trial and during the appeal of his conviction.[1]  That motion was denied on April 4, 2007.[2]

On April 19, 2007, Petitioner filed a Motion for Relief from Judgment.[3]  In this motion, Petitioner argued that Respondent's failure to serve him with copies of trial subpoenas pursuant to Federal Rule of Civil Procedure 45(b)(1) warranted the vacating of the court's judgment pursuant to Federal Rule Civil Procedure 60(b)(3) and (6).  On May 10, 2007, the court denied Petitioner's motion.[4]

Presently pending before the court is Petitioner's CJA-30, requesting payment in the amount of $8,753.10 for attorneys' fees from April 11, 2007, through May 9, 2007, representing 53.7 hours at the rate of $163.00 per hour.  Of that time, only 13.5 hours were spent on the preparation of Petitioner's Rule 60(b) motion. The remaining post-motion hours were spent cataloging the hearing subpoenas issued by the Respondent, researching privacy issues connected with Petitioner's medical records, Navy records and school records and conferring with co-counsel and others on post-judgment strategy related to the Rule 45 violation.

---

[1]   See Docket Entry No. 169.

[2]   See Docket Entry No. 181.  Petitioner's counsel, Jonathan Sheldon, was paid $9,144.30 through April 9, 2007, for his work on the motion to alter or amend judgment and Petitioner's objections to the January 8, 2007, Memorandum and Recommendation.

[3]   See Docket Entry No. 186.

[4]   See Docket Entry No. 190.

## II.  Analysis

The CJA permits reimbursement to an attorney for time expended in court and "for time reasonably expended out of court . . . ." 18 U.S.C. § 3006A(d)(1). The court has already approved and paid $195,322.98 for attorneys' fees, $29,795.43 for experts, $2,113.32 for transcripts and $1,987.90 for travel expenses in this case, for a total of $229,319.63. Petitioner requested, and received, permission to depose numerous out-of-district witnesses and to bring other out-of-district witnesses to the evidentiary hearing. Petitioner's counsel exceeded the approved expert budget by almost $10,000; yet, the court still approved payment of those experts.[5] The court has allowed Petitioner to expend considerable sums in order to develop his argument that he is mentally retarded.

However, Petitioner's argument that his lack of notice of certain trial subpoenas warranted vacating the final judgment was clearly not a reasonable expenditure of attorney time for the following reasons. First, on August 5, 2005, the court granted Respondent permission to issue subpoenas duces tecum for Williams' medical records, school records and other third-party records necessary for the defense of this habeas action.[6] Thus, it should have been no surprise to Petitioner that Respondent was able to

---

[5]  See Docket Entry No. 40, initially approving $10,000 for experts, Docket Entry No. 92, approving an additional $10,000 for experts.

[6]  See Minute Entry Order, Docket Entry No. 44, granting Respondent's Motion for Discovery, Docket Entry No. 41.

obtain these records for use at the evidentiary hearing.

Second, Petitioner and Respondent both filed their exhibit lists on March 6, 2006, six weeks prior to the evidentiary hearing. Petitioner disclosed that he would be offering numerous third-party records, including records from the U.S. Navy, the Texas Department of Criminal Justice ("TDCJ"), and the Houston Independent School District ("HISD").[7] Respondent disclosed that he would be offering records from the U.S. Navy, TDCJ and HISD.[8] The court notes that most of the records offered by Respondent were admitted into evidence without objection from Petitioner.[9] Any Rule 45 violation or privacy issue concerning those records has been waived.

Third, as discussed in the court's order denying Petitioner's Rule 60(b), a Rule 45(b)(1) objection was raised during the evidentiary hearing to certain of Petitioner's prison correspondence and commissary and library usage records. The court admitted those documents over Petitioner's objection; however, these documents did not impact the court's ruling in any respect. The only objected-to document that even warranted a mention in the

---

[7] See Petitioner's Exhibit List, Docket Entry 74, and Amended Exhibit List, Docket Entry No. 97.

[8] See Respondent's Exhibit List, Docket Entry No. 75; State Court Records, Docket Entry No. 103.

[9] See Stipulations of Admissibility of Evidence, Docket Entry No. 126. In fact, the only pre-hearing objection made by Petitioner concerned a subpoena directed to Emily Lundberg, filed on April 4, 2006. See Opposed Motion to Quash Subpoena(s) Duces Tecum Issued in Violation of Rule 45, Docket Entry No. 119. The Respondent moved to withdraw the subpoena to Lundberg that same day. See Respondent Dretke's Motion to Withdraw Subpoena Duces Tecum Served on Emily Lundberg, Docket Entry No. 120.

court's findings was a March 28, 2006, letter about which there was significant oral testimony concerning the deceptiveness of Petitioner in attempting to get that letter to another inmate in violation of prison policy.

Finally and significantly, Petitioner has failed to explain how the Rule 45 violation impacted the court's decision-making process, or affected the outcome of the case, thus warranting a vacation of the final judgment.

The CJA allows reimbursement only for out-of-court time "reasonably expended." In the court's opinion, the time expended by counsel on the Rule 45 subpoena issue is simply not time reasonably spent for which the public fisc should be held accountable.

Accordingly, in light of the court's finding that the expenditure of this amount of time on this meritless issue is not reasonable, Petitioner's request for reimbursement of fees in the amount of $8,753.10 (Voucher No. 070705000002) is **DENIED**.

If Petitioner succeeds in obtaining a reversal and remand on the Rule 45 subpoena issue, the court will reconsider this ruling.

**SIGNED** this 17th day of July, 2007.

Nancy K. Johnson
United States Magistrate Judge