IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JEFFREY DEMOND WILLIAMS,              §
                                      §
              Petitioner,             §
                                      §
v.                                    §
                                      §      CIVIL ACTION NO. H-04-2945
RICK THALER, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
              Respondent.             §

## MEMORANDUM OPINION AND ORDER

Jeffrey Demond Williams is a Texas death row inmate.  He has filed motions for relief from judgment and for a stay of execution.  For the following reasons, Williams' motions will be denied.

## I.  Background

Williams was convicted of capital murder and sentenced to death for murdering a police officer.  The Texas Court of Criminal Appeals ("TCCA") affirmed Williams' conviction and sentence, Williams v. State, No. 73,796 (Tex. Crim. App. May 8, 2002), and denied his application for post-conviction relief, Ex parte Williams, No. 50,662-01 (Tex. Crim. App. April 2, 2003).  On June 17, 2003, Williams filed a successive state habeas application arguing that the Eighth Amendment barred his execution because he is mentally retarded, and that his sentence violated the Sixth

Amendment because the jury did not make a determination on his mental retardation claim. The TCCA found that Williams failed to make a prima facie showing of mental retardation and dismissed the application as an abuse of the writ. Ex parte Williams, No. 50,662-02 (Tex. Crim. App. Oct. 8, 2003). Williams filed his federal petition for a writ of habeas corpus on July 20, 2004, and amended the petition on September 1, 2004.

On July 15, 2005, this court denied all of the claims raised in Williams' amended petition except his claim that he was legally ineligible for the death penalty because he is mentally retarded. The court conducted a seven-day evidentiary hearing on that claim, and denied relief on February 14, 2007. Williams filed a motion to alter or amend the judgment, which this court denied on April 4, 2007. He then filed a motion for relief from the judgment, which was denied on May 10, 2007. The Fifth Circuit affirmed this court's judgment on September 19, 2008, and denied a certificate of appealability on his post-judgment motions on March 30, 2010. The Supreme Court of the United States denied Williams' petition for a writ of certiorari on November 1, 2010.

On April 25, 2013, Williams filed this motion for relief from the judgment of this court under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Williams seeks relief from that portion of the judgment, and from the denial of his motion to alter or amend the judgment, denying relief on his claim that his trial counsel

-2-

rendered ineffective assistance by failing to investigate and present mitigating evidence. That claim was denied as procedurally defaulted because Williams failed to present the claim in his state habeas corpus application. Williams also filed a motion to stay his execution, which is scheduled for May 15, 2013.

## II.  Analysis

Rule 60(b)(6) provides that a court may grant relief from a judgment for any reason that justifies relief. Williams argues that the Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012), justifies relief in this case.

In Martinez the Court held that ineffective assistance of state habeas counsel can constitute cause for a procedural default of an ineffective assistance of counsel claim when state law requires that such a claim be raised in an initial-review collateral proceeding. Id. at 1315. The Fifth Circuit, however, has held that the Martinez rule is not applicable in Texas because Texas does not require that ineffective assistance of counsel claims be raised in a state habeas corpus application.

> The TCCA made clear that a state habeas petition is the preferred vehicle for developing ineffectiveness claims. Robinson v. State, 16 S.W.3d 808, 809-10 (Tex. Crim. App. 2000). Yet Texas defendants may first raise ineffective-ness claims before the trial court following conviction via a motion for new trial, when practicable, and the trial court abuses its discretion by failing to hold a hearing on an ineffectiveness claim predicated on matters not determinable from the record. Holden v. State, 201 S.W.3d 761, 762-63 (Tex. Crim. App. 2006). A prisoner who develops such a record through a new trial motion can

-3-

of course pursue the denial of an ineffectiveness claim
through direct appeal, but the TCCA has indicated that a
new trial motion is neither a sufficient nor necessary
condition to secure review of an ineffectiveness claim on
direct appeal. Indeed, an ineffectiveness claim may
simply be raised on direct appeal without the benefit of
a motion for new trial. Robinson, 16 S.W.3d at 813. As
a result, both Texas intermediate courts and the TCCA
sometimes reach the merits of ineffectiveness claims on
direct appeal. Thompson v. State, 9 S.W.3d 808, 813-14
(Tex. Crim. App. 1999). Where they do not, Texas habeas
procedures remain open to convicted defendants. Ex parte
Nailor, 149 S.W.3d 125, 129, 131 (Tex. Crim. App. 2004).
In   short,   Texas   procedures   do   not   mandate   that
ineffectiveness claims be heard in the first instance in
habeas proceedings, and they do not by law deprive Texas
defendants   of   counsel-and   court-driven   guidance   in
pursuing ineffectiveness claims.

Ibarra v. Thaler, 687 F.3d 222, 227 (5th Cir. 2012).

The Supreme Court has granted certiorari in a case raising the

question of whether Martinez applies in Texas. See Trevino v.

Thaler, 133 S.Ct. 524 (2012). The Supreme Court, however, has not

issued an opinion on the merits that is contrary to Ibarra.

Therefore, Ibarra is the controlling law in this circuit, and this

court is bound by that decision. Under Ibarra, Williams is not

entitled to relief from the judgment. Because Williams fails to

demonstrate any justification for relief from the judgment, there

is no basis on which to stay his execution.

### III.  Certificate of Appealability

A petitioner may obtain a certificate of appealability ("COA")

either from the district court or an appellate court, but an

appellate court will not consider a petitioner's request for a COA

-4-

until the district court has denied such a request.  See Whitehead
v. Johnson, 157 F.3d 384, 388 (5th Cir. 1988); see also Hill v.
Johnson, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court
should continue to review COA requests before the court of appeals
does.").  A COA may issue only if the petitioner has made a
"substantial showing of the denial of a constitutional right."  28
U.S.C. § 2253(c)(2); see also United States v. Kimler, 150 F.3d
429, 431 (5th Cir. 1998).  A petitioner "makes a substantial
showing when he demonstrates that his application involves issues
that are debatable among jurists of reason, that another court
could resolve the issues differently, or that the issues are
suitable enough to deserve encouragement to proceed further."
Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied,
531 U.S. 966 (2000).  The Supreme Court has stated that

> When the district court denies a habeas petition on
> procedural grounds without reaching the prisoner's
> underlying constitutional claim, a COA should issue when
> the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a
> valid claim of the denial of a constitutional right and
> that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The fact that the Supreme Court granted certiorari in a case
raising the same issue as this case demonstrates that jurists of
reason could find it debatable whether this court is correct in its
procedural ruling.  Therefore, Williams' request for a COA is
**GRANTED**.

-5-

### IV.  <u>Conclusion</u>

For the foregoing reasons, Williams' Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (Docket Entry No. 215) and Motion for Stay of May 15, 2013, Execution (Docket Entry No. 216) are **DENIED**.  A certificate of appealability is **GRANTED**.

**SIGNED** at Houston, Texas, on this 30th day of April, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE
